1

2

3

4                          UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6                                    * * *

7   TRAVELERS PROPERTY CASUALTY              Case No. 2:15-CV-2140 JCM (PAL)
    COMPANY OF AMERICA, as subrogee of
8   STATION CASINOS, LLC, et al.,                          ORDER

9                              Plaintiff(s),

10        v.

11  ANDREA ENGLAND DUKE,

12                             Defendant(s).

13

14         Presently before the court is plaintiffs Travelers Property Casualty Company and Station

15  Casino's motion for default judgment against defendant Andrea England Duke. (ECF No. 12).

16         Default judgment is appropriate "when a party against whom a judgment for affirmative

17  relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

18  otherwise. . ." Fed.R.Civ.P. 55(a).  Federal Rule of Civil Procedure 55(b)(2) provides that "a court

19  may enter a default judgment after the party seeking default applies to the clerk of the court as

20  required by subsection (a) of this rule."  Fed.R.Civ.P. 55(b)(2).

21         Obtaining a default judgment is a two-step process: "first, the party seeking a default

22  judgment must file a motion for entry of default with the clerk of a district court by demonstrating

23  that the opposing party has failed to answer or otherwise respond to the complaint, and, second,

24  once the clerk has entered a default, the moving party may then seek entry of a default judgment

25  against the defaulting party."  *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840

26  (S.D. Ill. 2006).  Where a party has not been properly served, there is no basis for a court to enter

27  default judgment.  *See Fairly v. Potter*, 2003 WL 402261, *4 (N.D. Cal. 2003).

28

**James C. Mahan**
**U.S. District Judge**

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980).  In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  These factors are: (1) the possibility of prejudice to plaintiff if default judgment is not entered, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *Id.*  In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

On November 9, 2015, plaintiffs served the summons and complaint on defendant.  (ECF No. 3).  Defendant failed to appear or otherwise respond to the complaint.  Accordingly, plaintiffs filed a motion for entry of clerk's default (ECF No. 10), and the clerk entered default against defendant.  (ECF No. 11).

Plaintiffs have properly complied with Federal Rule of Civil Procedure 55.  Therefore, the court finds good cause to grant the motion for default judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiffs' motion for default judgment, (ECF No. 12), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall prepare and file an appropriate judgment for the court's signature within seven (7) days of this court's order.

DATED June 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -